FILED

DEC 18 2014

Clerk, U.S. District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>vs.<br><br>ALEXANDER WILLIAM FETTERS,<br><br>Defendant/Movant. | Cause No. CR 10-1-BU-DWM<br><br>ORDER DENYING § 2255 MOTION AND DENYING CERTIFICATE OF APPEALABILITY |

On June 9, 2014, Defendant/Movant Alexander William Fetters filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. He supplemented his motion on December 10, 2014. Fetters is a federal prisoner proceeding pro se.

## I. Procedural Posture of the Case

On November 6, 2014, Fetters was ordered to explain a few of his allegations in more factual detail. On December 1, 2014, the Court received from Fetters a 51-page handwritten explication of the meaning of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and some of its progeny. On December 4, 2014, the Court received a motion seeking 30 additional days to respond to the Order of November 6. Fetters did not mention his virtually contemporaneous 51-page submission. And on December 10, 2014, the Court received a motion to amend (Doc. 152), asking the Court to accept the typewritten responses to the Order of

1

November 6, 2014 (Docs. 152-1 and 152-2), as an amendment to the original § 2255 motion.[1]

Because Fetters has responded twice to the Order of November 6, 2014, his motion for extension of time to respond to it is moot. In addition, the Court does not require additional "applicable argument and supporting case law." Mot. for Extension (Doc. 151) at 1, 2. The Court will consider Fetters' typewritten responses to the November 6 Order because the handwritten response is difficult to read and because Fetters asks the Court to accept the typewritten versions in lieu of the handwritten version. *See* Mot. to Amend (Doc. 152) at 1-2.

Based on resolution of those matters, it is appropriate to rule on Fetters' motion under 28 U.S.C. § 2255 as filed on June 9, 2014 (Doc. 146), and as supplemented in response to the Order of November 6, 2014 (Docs. 152-1, 152-2).

## II. Background

On January 6, 2010, the grand jury handed down an Indictment charging Fetters and three co-defendants with one count of conspiracy to distribute more than 500 grams of a substance containing methamphetamine, a violation of 21 U.S.C. §§ 846 and 841(a)(1) ("Count 1").[2] Indictment (Doc. 1) at 2. Based on the

---

[1] Under the prison mailbox rule, *Houston v. Lack*, 487 U.S. 266, 270-71 (1988), the motion for extension was filed three days before the handwritten *Apprendi* explication. The documents received and filed by the Court on December 10, 2014, were not dated, but the date lines show they were prepared in December.

[2] Fetters was not named in Count 2 of the Indictment.

2

drug quantity, Fetters was subject to a mandatory minimum penalty of ten years in prison and a maximum of life. 21 U.S.C. § 841(b)(1)(A) & (viii).

On February 10, 2010, the United States filed an Information under 21 U.S.C. § 851, alleging that Fetters had previously been convicted of felony possession of dangerous drugs in Silver Bow County, Montana. Information (Doc. 47). Filing of the Information subjected Fetters to a mandatory minimum sentence of 20 years if convicted of Count 1. 21 U.S.C. § 841(b)(1)(A) & (viii). But on February 26, 2010, the United States moved to withdraw the Information, explaining that the circumstances of the state felony drug offense did not justify application of the enhanced penalty under 21 U.S.C. §§ 841(b) and 851. The motion was granted on March 3, 2010. Mot. to Withdraw (Doc. 58); Order (Doc. 64).

On March 2, 2010, Fetters filed a fully executed plea agreement. On March 17, 2010, Fetters pled guilty to Count 1 in open count before United States Magistrate Judge Jeremiah C. Lynch. Minutes (Doc. 76).

While a presentence report was being prepared, Fetters debriefed with law enforcement in the hope of earning a motion under U.S.S.G. § 5K1.1. Because he fabricated the information he gave to case agents, he was not successful. *See* Presentence Report ¶¶ 30-33.

Based on his criminal history, Fetters was designated a career offender under

3

U.S.S.G. § 4B1.1. His total offense level under the advisory sentencing guidelines was 34. His criminal history category was VI. The guideline range was 262-327 months. U.S.S.G. ch. 5 Part A (Sentencing Table). Fetters was sentenced to serve 300 months in prison, to be followed by a five-year term of supervised release. Judgment (Doc. 109) at 2-3.

Fetters appealed. The judgment was affirmed. Mem. at 2, *United States v. Fetters*, No. 10-30201 (9th Cir. Apr. 11, 2011) (Doc. 143). Rehearing was denied on August 12, 2011. Order at 1, *Fetters*, No. 10-30201 (9th Cir. Aug. 12, 2011) (Doc. 144).

Fetters filed his § 2255 motion on June 9, 2014.

## III. Claims and Analysis

Although one or more claims in the § 2255 motion may well be subject to dismissal with prejudice as untimely[3] or as barred on procedural grounds, it is more efficient to address Fetters' claims on the merits.

### A. Sentencing Disparity

Fetters contends there was an unwarranted disparity between his sentence of

---

[3] Fetters' conviction became final on November 10, 2011. *Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct. 641, 653-54 (2012). He had one year from that date to file his § 2255 motion. 28 U.S.C. § 2255(f)(1). He did not file until June 2, 2014, 567 days too late. Although two of Fetters' claims rely on decisions issued by the Supreme Court in 2013, only the timeliness of those two claims could depend on those decisions, *see Mardesich v. Cate*, 668 F.3d 1164, 1171 (9th Cir. 2012), and for the reasons set forth below, those decisions do not apply to Fetters' case.

4

300 months and that of "the leader of the conspiracy." Mot. § 2255 (Doc. 146) at 15; *see generally* 18 U.S.C. § 3553(a)(6). "[T]he manager or leader in Montana" was Anthony Kerner. Kerner was convicted in a separate prosecution and sentenced to serve 204 months in prison. Kerner's supply came from Fetters, who was in Arizona. *See, e.g.*, Presentence Report ¶¶ 5, 28. Contrary to Fetters' claim that the Court committed procedural error by failing to consider his argument with respect to Kerner, that argument was expressly addressed and rejected at sentencing. Kerner, ten years older than Fetters, had less criminal history. *Compare* Mot. § 2255 at 13-15 *with* Sentencing Tr. (Doc. 137) at 28:22-29:2, 42:21-43:3. Moreover, Fetters was dishonest in his debriefing with agents, and Kerner was not. The disparity between the two was not unwarranted.

In addition, this claim was expressly addressed by the Court of Appeals and cannot be relitigated. *See United States v. Renteria*, 557 F.3d 1003, 1006-07 (9th Cir. 2009); *United States v. Phillips*, 367 F.3d 846, 856 & nn.32-35 (9th Cir. 2004); *United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997).

This claim is denied.

**B. Criminal History**

Fetters alleges he was subjected to an "enhanced sentence" based on "unsubstantiated evidence" and unqualified prior convictions. Mot. § 2255 at 2. He cites *Alleyne v. United States*, ___ U.S. ___, 133 S. Ct. 2151 (2013), and *Descamps v.*

5

*United States*, ___ U.S. ___, 133 S. Ct. 2276, 2282 (2013).

### 1. *Alleyne v. United States*

Relying on *Alleyne*, Fetters contends that a jury should have determined that he was subject to an enhanced sentence. Mot. § 2255 at 18. *Alleyne* does not apply. Because the § 851 Information was dismissed, the only factor giving rise to a ten-year statutory mandatory minimum and life maximum in Fetters' case was the quantity of methamphetamine involved. 21 U.S.C. § 841(b)(1)(A)(viii). Fetters admitted that the conspiracy of which he was a willing member was responsible for more than 500 grams of methamphetamine. Change of Plea Tr. (Doc. 139) at 22:2-21. The admission satisfies *Alleyne*, 133 S. Ct. at 2155, and *Apprendi v. New Jersey*, 530 U.S. 466, 483 n.10 (2000).

Fetters' advisory guideline calculation was also increased because of his criminal history. But, as *Alleyne* reconfirmed, *see* 133 S. Ct. at 2160 n.1 (citing *Almendarez-Torres v. United States*, 523 U.S. 224 (1998)), criminal history need not be proved to a jury at all.

This claim is denied.

### 2. *Descamps v. United States*

Relying on *Descamps*, Fetters appears to assert that criminal endangerment, as defined in Montana law, is not a "crime of violence" under U.S.S.G. §§ 4B1.1(a)(3) and 4B1.2(a). Mot. § 2255 at 2, 19-20. Two convictions for criminal

6

endangerment supported Fetters' designation as a career offender. *See* Presentence Report ¶¶ 44, 62, 63.

For purposes of the career offender guideline, a "crime of violence" is:

any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that –

**(1)** has as an element the use, attempted use, or threatened use of physical force against the person of another, or

**(2)** is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2(a) & Application Note 1.

Mont. Code Ann. § 45-5-207(1) defines criminal endangerment as "knowingly engag[ing] in conduct that creates a substantial risk of death or serious bodily injury to another." The crime is punishable by up to ten years' imprisonment. *Id.* § -207(2). While subsection (1) of U.S.S.G. § 4B1.2(a) does not apply, subsection (2) does. Criminal endangerment, by the terms of its statutory definition, categorically "involves conduct that presents a serious potential risk of physical injury to another." *Cf. United States v. Bailey*, 139 F.3d 667, 667-68 (9th Cir. 1998) (holding similar Arizona statute constituted "crime of violence" under U.S.S.G. § 4B1.2). *Descamps* only makes clearer the fact that criminal endangerment under Montana law is a crime of violence.

This claim is denied.

### C. Counsel's Assistance

Claims of ineffective assistance of counsel are governed by *Strickland v. Washington*, 466 U.S. 668 (1984). Fetters must allege facts sufficient to support an inference (1) that counsel's performance fell below an objective standard of reasonableness, *id.* at 687-88, and (2) that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694. "[T]here is no reason . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *Id.* at 697.

#### 1. Eligibility for Parole

Fetters contends that counsel "grossly misinformed [him] of his eligibility for Parole." Mot. § 2255 at 20. The record flatly contradicts this claim. At the change of plea hearing, Fetters was advised by United States Magistrate Judge Jeremiah C. Lynch that there is no parole in the federal system. Fetters understood that fact. Change of Plea Tr. (Doc. 139) at 9:15-25. This claim is denied.

#### 2. Better Outcome

Fetters claims that counsel "failed to adequately bargain for the best deal he could get for Fetters, as seen in the conditions of the plea agreement." Mot. § 2255 at 2-3 ¶ D. It is not clear what Fetters means by this allegation. The conditions of his plea agreement are unremarkable among plea agreements in this District. *See*

8

Plea Agreement (Doc. 63). That counsel failed to achieve an extraordinary result is not a sign of ineffective assistance.

### 3. Career Criminal Designation

Fetters alleges that he "did not clearly understand that he would be enhanced to the point of a career criminal and counsel should have fought harder for him not to have been." Mot. § 2255 at 20. Counsel contested the career criminal designation as far as it was possible to do so. *See* Sentencing Mem. (Doc. 105) at 2-3, 6-7; Presentence Report Addendum (Def. Objection No. 2); Sentencing Tr. at 16:16-17:13. When he could not defeat the designation, he turned to advocating for a lesser sentence under 18 U.S.C. § 3553(a). Sentencing Mem. at 7-12; Sentencing Tr. at 19:9-30:2. These were the only points counsel could make. His performance was not deficient, and there is no reasonable probability that another lawyer could have avoided the designation.

### 4. Advice as to Plea

Fetters contends that counsel "failed to properly advise his client of the term of imprisonment he could face by accepting the plea bargain." Mot. § 2255 (Doc. 146) at 20-21. On November 6, 2014, Fetters was ordered to explain what counsel told him and why counsel's advice was misleading. He was also directed to describe the advice counsel should have given him and explain what he would have done differently had he been "properly" advised. *See* Order (Doc. 149) at 1.

9

### a. Drug Quantity

Fetters' response to the Order elaborates on his theory of the meaning of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Because his theory is wrong, his claim that counsel erred in failing to explain it to him does not support relief under § 2255. Fetters states that, under *Apprendi*, the total quantity of drugs for which a defendant is held responsible is an element that must be charged in the indictment and proved to a jury beyond reasonable doubt or admitted in a plea colloquy. That is incorrect. "Standing alone, judicial consideration of facts and circumstances beyond those found by a jury or admitted by the defendant does not violate the Sixth Amendment right to jury trial. A constitutional infirmity arises only when extra-verdict findings are made in a mandatory guidelines system." *United States v. Ameline*, 409 F.3d 1-73, 1077-78 (9th Cir. 2005) (en banc). As the United States Sentencing Guidelines are not mandatory, *see United States v. Booker*, 543 U.S. 220, 259-60 (2005), findings of fact made at sentencing are cabined by the maximum and any mandatory minimum sentence set by statute. Fetters' sentence of 300 months falls within the statutory maximum sentence of life in prison, *see* 21 U.S.C. § 841(b)(1)(A)(viii), which is based on his admission of responsibility for more than 500 grams of a substance containing methamphetamine, *see* Change of Plea Tr. (Doc. 139) at 8:19-9:14, 22:18-21.

### b. Likely Term of Imprisonment

10

In his only representation of counsel's advice, Fetters alleges that counsel told him "he could not rec[ei]ve more time than Anthony Kerne[r] the ringleader of the conspiracy." *See* Resp. to Order (Doc. 152-1) at 5. Fetters states that he decided to enter into a plea agreement based on counsel's telling him that his sentence could not be more than 180 months, because Kerner's plea agreement called for a sentence of 204 months. *Id.*; *see also* Fetters Aff. (Doc. 152-2) at 1 ¶ 1.

To proceed under § 2255, Fetters must allege facts sufficient to support an inference that there is a reasonable probability he would have chosen not to plead guilty and would instead have gone to trial if he had known he could receive a longer sentence than Kerner did. *Hill v. Lockhart*, 474 U.S. 52, 59-60 (1985); *see also United States v. Rodrigues*, 347 F.3d 818, 824 (9th Cir. 2003). A "gross mischaracterization of the likely outcome" at sentencing, "combined with . . . erroneous advice on the possible effects of going to trial," may support a finding that a guilty plea was involuntary. *Iaea v. Sunn*, 800 F.2d 861, 865 (9th Cir. 1986). But, for four reasons, Fetters' allegations provide no basis for further proceedings.

First, Fetters' allegations are false. He specifically avers that his lawyer's advice about his likely sentence was based on "Anthony Kerne[r]'s recent plea agreement for 204 months (17 years)." Fetters Aff. (Doc. 152-2) at 1 ¶ 1; *see also* Resp. to Order (Doc. 152-1) at 5. Kerner was charged in two separate cases. He filed plea agreements in both cases, one on January 7, 2010, and one on January

11

27, 2010. Kerner's plea agreements did not mention a sentence, an offense level, a drug quantity, or any similar information. In fact, both of Kerner's plea agreements are nearly identical to Fetters' plea agreement. *Compare* Plea Agreement (Doc. 63) *with* Plea Agreement (Doc. 19), *Kerner*, No. CR 09-28-BU-DWM (D. Mont. filed Jan. 7, 2010); Plea Agreement (Doc. 85), *Kerner*, No. CR 09-27-BU-DWM (D. Mont. filed Jan. 27, 2010).

Fetters pled guilty on St. Patrick's Day, March 17, 2010. Minutes (Doc. 76). Kerner was not sentenced until June 3, 2010. His sentence was based in part on information that was not available to Fetters' counsel. Although Kerner's sentence was lower than Fetters' under 18 U.S.C. § 3553(a), Kerner's advisory guideline range was actually higher than Fetters' range. *See* Statement of Reasons (Doc. 117 & Doc. 30) (under seal), *Kerner*, Nos. CR 09-27 & 28-BU (D. Mont. filed June 3, 2010). It is wholly incredible that counsel anticipated Kerner would receive a sentence of 204 months or 17 years. This Court decided Kerner's sentence, and the Court did not know what Kerner's sentence would be until June 3, 2010.

The record of Fetters' case and of Kerner's cases shows that Fetters' counsel could not have told Fetters, in March 2010, that Kerner's sentence was or would be 204 months. As Kerner had no sentence and no agreement for any particular sentence or sentencing provision at the time Fetters decided to plead guilty, there is no reason to give any credence to Fetters' claim that his own decision to plead

12

guilty was based on Kerner's sentence. The factual basis Fetters gives for the claim is "palpably incredible." *United States v. McMullen*, 98 F.3d 1155, 1159 (9th Cir. 1996) (quoting *Marrow v. United States*, 772 F.2d 525, 526 (9th Cir. 1985), and *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1984) (per curiam)).

Second, Fetters was expressly advised at the change of plea hearing that he could be sentenced to life in prison, Change of Plea Tr. at 8:25-9:2, and that his sentence would be based on the advisory guideline calculation prepared by the Probation Office and on all the other factors that go into the presentence report, *id.* at 13:12-14:17. No suggestion was made that the Court's discretion in sentencing Fetters would be limited by anyone else's sentence.

Third, solely for argument's sake, the Court will assume that counsel did tell Fetters that he could not be sentenced to serve more time than Kerner received. Even so, Fetters does not allege, and the Court cannot conceive, any rational reason why Fetters would have chosen to stand trial if only he had been correctly advised that his sentence could be longer than Kerner's. Fetters did not know, at the time he decided to plead guilty, what Kerner's sentence would be. Awareness that his sentence could be longer than Kerner's would not change Fetters' assessment of "the possible effects of going to trial." *Iaea*, 800 F.2d at 865. If Fetters had been convicted at trial, his sentence probably would have been longer

13

than it is now.[4] In sum, once Fetters' claim is stated in the terms required by *Hill*, it becomes clear that it has little to do with the choice between pleading guilty and going to trial.

Fourth, Fetters' affidavit alleges that he "was misinformed by counsel and the Court, and the prosecution, that 20 lbs of methamphetamine, and two prior convictions of violence, were mere sentencing factors to which none of my Sixth Amendment rights attached under § 841(b)(1)(A). As such, I received critically incorrect legal advice." Fetters Aff. (Doc. 152-2) at 2 ¶ 5. This statement is remarkable in two ways. First, this Court certainly never informed Fetters that 20 pounds of methamphetamine and two prior convictions for crimes of violence were "sentencing factors" under 21 U.S.C. § 841(b)(1)(A). The Court does not and did not use that terminology. *See* Sentencing Tr. (Doc. 137), *passim*; Change of Plea Tr. (Doc. 139), *passim*. Where drug quantity is concerned, the terminology of "elements" versus "sentencing factors" collapses too easily into a misunderstanding of *Apprendi* and *Booker*. *See, e.g., United States v. Buckland*, 289 F.3d 558, 565-66 (9th Cir. 2002) (en banc). And where prior convictions for

---

[4] The officer who prepared the presentence report recommended denying credit for acceptance of responsibility because of the lies Fetters told to attempt to gain a substantial-assistance reduction. But at sentencing, Fetters was awarded a three-point reduction for acceptance of responsibility. *See* Presentence Report ¶ 43 (as corrected by the Court at sentencing); Sentencing Tr. at 14:15-15:20. He would not have received that reduction if he had been convicted at trial. As a result, his total offense level would have been 37. Presentence Report ¶ 44. With a criminal history category of VI, Presentence Report ¶¶ 44, 64, his advisory guideline range would have been 360 months to life in prison, U.S.S.G. ch 5 Part A (Sentencing Table), rather than 262-327 months, Sentencing Tr. (Doc. 137) at 16:7-11.

14

crimes of violence are concerned, using the terminology would be wrong; Fetters' prior convictions were not relevant under 21 U.S.C. § 841(b)(1)(A), because the United States dismissed the § 851 Information. The prior convictions were relevant under the career offender provision of the Sentencing Guidelines. Presentence Report ¶ 44; U.S.S.G. § 4B1.1 *et seq.* Second, any quantity of methamphetamine that is "500 grams or more of a mixture or substance containing methamphetamine," 21 U.S.C. § 841(b)(1)(A)(viii), authorizes the sentencing court to impose a maximum penalty life in prison without further trial of amounts of methamphetamine in excess of 500 grams. 21 U.S.C. § 841(b)(1)(A). So the advice described by Fetters is, on the whole, correct, not incorrect, despite Fetters' use of unfortunate terminology.

Fetters' affidavit concludes, "The essential point of this affidavit is as follows: I, Alexander William Fetters have never admitted .... nor has a jury even found, that I am guilty of an § 841(b)(1)(A) offense involving 20 lbs of methamphetamine, or two prior convictions of violence." Fetters Aff. at 2-3 ¶ 6. As that is plainly the gravamen of Fetters' complaint about counsel's advice, and as his complaint is wrongheaded, there is no basis for further proceedings. Not only are Fetters' allegations about the reason he pled guilty contradicted by the record, but there is no reasonable probability Fetters would have gone to trial if only he had been advised he could receive a sentence longer than whatever Kerner's

sentence might turn out to be. This claim is denied.

## IV. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

None of Fetters' claims meets even the relatively low standard of § 2253(c)(2). Fetters' claim that the Court did not consider his argument that his sentence should not be materially different than Kerner's is contradicted by the sentencing transcript. In addition, disparity between the two was not unwarranted. *Alleyne v. United States*, __ U.S. __, 133 S. Ct. 2151 (2013), has no application where the defendant admits the threshold drug quantity under 21 U.S.C. § 841(b)(1)(A). Fetters' designation as a career offender is based on prior convictions for criminal endangerment under Montana law, and criminal endangerment is categorically a crime of violence under *Descamps v. United*

16

*States*, ___ U.S. ___, 133 S. Ct. 2276 (2013). Before he pled guilty, Fetters knew there was no parole in the federal system. Finally, although Fetters avers that he decided to plead guilty because his lawyer promised him a particular sentence based on a co-conspirator's sentence of 204 months, his factual allegations are palpably incredible in light of the record of the case; in addition, neither Fetters nor the facts of the case nor the law suggest any rational reason Fetters might have chosen to go to trial had he known he could be sentenced to more time than a co-conspirator eventually received.

Fetters' claims are based on a misunderstanding of the controlling law. In some instances, they are also based on false allegations of fact. There are no open questions and there is no reason to encourage further proceedings. A certificate of appealability is not warranted.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Fetters' motion for an extension of time (Doc. 151) is MOOT.

2. Fetters' motion under 28 U.S.C. § 2255 (Docs. 146, 152-1, 152-2) is DENIED for lack of merit.

3. A certificate of appealability is DENIED. The Clerk of Court shall immediately process the appeal if Fetters files a Notice of Appeal;

4. The Clerk of Court shall ensure that all pending motions in this case and in CV 14-38-BU-DWM are terminated and shall close the civil file by entering a

judgment against Fetters and in favor of the United States.

DATED this 18th day of December, 2014.

_____
Donald W. Molloy
United States District Court